UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORNRAT KEAWSRI, SACHINA NAGAE, TAKAYUKI SEKIYA, SIWAPON TOPON, PIMPARAT KETCHATROT, THIRATHAM RAKSUK, PARICHAT KONGTUK, TANON LEECHOT, THANATHARN KULAPTIP, WANWISA NAKWIROT, NATCHA NATATPISIT, and PARADA MONGKOLKAJIT,<br>*Plaintiffs,*<br>v.<br>RAMEN-YA INC., Y&S INTERNATIONAL CORP. d/b/a RAMEN-YA, MIHO MAKI, MASAHIKO NEGITA, TOSHIHITO KOBAYASHI, KENJI KORA and YASUKO NEGITA,<br>*Defendants.* | INDEX NO. 17-cv-2406 (LJL)(OTW)<br><br>NOTICE OF MOTION FOR AN ORDER WITHDRAWING THE REFERENCE TO THE BANKRUPTCY COURT OF PLAINTIFFS' CLAIMS ASSERTED AGAINST MIHO MAKI AND RAMEN-YA INC. AND FOR APPOINTMENT OF A RECEIVER TO ADMINISTER THE ASSETS OF MAKI AND RYI |

Please take notice that, upon the declaration of Florence Rostami dated July 3, 2023, the memorandum of law, and all prior pleadings and proceedings herein, Plaintiffs/Judgment Creditors Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit, through their undersigned counsel, hereby move the Court before the Honorable Lewis J. Liman, U.S.D.J., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on such day and time as counsel may be heard, for (1) an order pursuant to 28 U.S.C. § 157(d) that the reference to the United States Bankruptcy Court of claims asserted by Judgment Creditors against Defendants/Judgment Debtors Miho Maki ("Maki") and Ramen-Ya Inc. ("RYI") in accordance with the *Amended Standard Order of Reference Re: Title 11*, 12 Misc. 00032, dated January 31, 2012, be withdrawn with respect to the motions currently pending before the Court and the instant motion; and (2) an order pursuant to Fed.R.Civ.P. Rule 69 and CPLR Rules 5228(a): (i) for the

appointment of a receiver for Ku-Raku New York, Inc. ("Kuraku") and its asset Restaurant Kuraku; (ii) for appointment of Hirofumi Sugano as the receiver; (iii) granting the receiver the following powers: (A) to take possession, receipt, ownership and control of the shares of capital stock of Kuraku; (B) to install a lockbox system to collect all revenues of Kuraku including revenues from Restaurant Kuraku; (C) to install a system that only payments by credit and/or debit cards can be accepted from customers of Restaurant Kuraku; (D) to determine the actual and legitimate expenses of Kuraku and Restaurant Kuraku, including without limitation taxes, payroll, rent, insurance, utilities, and suppliers, and authorize payment for the same; (E) to determine whether repairs are required and to pay the cost of any repairs for Restaurant Kuraku; (F) if Kuraku's liquor license still lists Yasuko as the sole manager of Restaurant Kuraku, to appoint a legitimate manager and apply to New York State Liquor Authorities to amend the liquor license application; (G) to terminate Yasuko Negita's employment with Kuraku if she does not perform any work for Kuraku, or in the alternative, to adjust her salary according to the work she performs; (H) to prohibit payment of any officership compensation, dividends, and/or loan to shareholders; (I) to supervise, approve, and/or initiate all required filings with governmental and/or private entities (such as insurance companies); (J) to be the sole signatory on all Kuraku's bank accounts; (K) to terminate the services of Kil Jung and appoint another competent accountancy and payroll services for Kuraku; (L) to receive and examine all books and records of Kuraku; (M) to be granted any other powers necessary to effectuate the foregoing; and (N) to preserve the net profits of Kuraku to be provided to the Chapter Seven Trustee, Alan Nisselson, ("Trustee") appointed by the Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court") for the benefit of all creditors of Maki and RYI; (iv) that Sugano shall not be compensated for his service as receiver but that he will be entitled to reimbursement for any expenses he incurs in discharging his duties as a receiver; (v) to waive the requirement that Sugano post a bond for his appointment;

and (3) providing such other and further relief as the Court deems is just and proper.

Dated: New York, New York
       July 3, 2023

*Respectfully submitted.*

FLORENCE ROSTAMI LAW, LLC

By: __/s/ Florence Rostami___
Florence Rostami
Neal Haber
frostami@rostamilaw.com
nhaber@rostamilaw.com
420 Lexington Avenue, Suite 1402
New York, New York 10170
Telephone (212) 209-3962
Fax (212) 209-7100
*Attorneys for Judgment Creditors*