FLORENCE ROSTAMI LAW, LLC
420 Lexington Avenue, Suite 1402
New York, New York 10170
T (212) 209-3962
F (212) 209-7100
Florence Rostami
frostami@rostamilaw.com
*Attorneys for Creditors Ornrat Keawsri et.al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re<br><br>**MIHO MAKI,**<br><br>Debtor. | **Chapter 7**<br><br>Case No. 23-10978-mg |
|---|---|

**DECLARATION OF FLORENCE ROSTAMI IN SUPPORT OF CREDITORS ORNRAT KEAWSRI ET AL FOR AN ORDER EXTENDING THEIR TIME TO OBJECT TO DISCHARGEABILITY OF THE DEBT OR DISCHARGE**

Under the penalty of perjury pursuant to the laws of the United States I, Florence Rostami, state as follows:

1.    I am a member of Florence Rostami Law, LLC and counsel for creditors Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit (collectively, **"Creditors"**). I make this declaration in support of Creditors' motion for an Order extending their time to file (a) an objection to dischargeability of Debtor Miho Maki's (**"*Maki*"**) debt owed to Creditors pursuant to 11 U.S.C. § 523(a)(6) and Fed. R. Bankr. P. 4007, or (b) an objection to Maki's discharge pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. 4004 from September 18, 2023 to, through, and including November 21, 2023.

2. Creditors are former employees of two entities, Ramen-Ya, Inc. (**"RYI"**) (also a debtor before this Court in Case No. 23-10979-mg) and Y&S International Corp. (**"Y&S"**). RYI and Y&S were owned and/or managed by three individuals—Maki, Yasuko Negita (**"Yasuko"**) and Masahiko Negita **("Masahiko")** (Yasuko and Masahiko are referred to jointly as the **"Negitas"**). RYI and Y&S jointly operated two establishments with the same trade name, menu, and employees, and were held out to the public as jointly operated. Maki has worked with the Negitas since 2014 or earlier, and the Negitas' enterprises have been her sole source of employment income from 2014 to the present. Since in or about June 2019, Maki purportedly has been the sole shareholder and owner of RYI and purportedly is its president.

3. Each of the Creditors were employed by RYI and Y&S as servers for various periods between October 2014 and March 2018. Throughout their respective periods of employment by RYI and Y&S as servers, RYI and Y&S, acting through their managers Maki and the Negitas, compensated Creditors by providing them with only the gratuities (tips) collected during their respective shifts after withholding at least 20 percent of the tip amount; RYI and Y&S, acting through Maki and the Negitas, did not pay Creditors any wages or overtime compensation, did not pay "spread of hour" payments, and issued to Creditors incomplete and inaccurate pay statements. The above-described pay practices of RYI and Y&S, acting through Maki and the Negitas, were violative of federal and New York laws.

4. On April 3, 2017, Creditors commenced an action against RYI, Y&S, Maki, the Negitas, and two other individuals in the United States District Court for the Southern District of New York (the **"SDNY Court"**) in the matter entitled *Ornrat Keawsri et. al. v. Ramen-Ya, Inc. et. al.* **Index No. 17-cv-2406** (the **"Action"**), alleging claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Hospitality Wage Order, 12

NYCRR Part 146 (the "Wage Order"). Subsequently, in accordance with the FLSA collective action provisions (29 U.S.C. § 216(b)), the SDNY Court conditionally certified a collective group consisting of the twelve Creditors. On August 10, 2021, the SDNY Court confirmed the collective group; found that RYI, Y&S, Maki, and Masahiko (and Kenji Kora ("Kora"), another defendant) were employers of Creditors as that term is defined in the FLSA and the NYLL; found that RYI, Y&S, Maki, Masahiko, and Kora had violated the FLSA, the NYLL, and the Wage Order in the manner in which they compensated Creditors and failed to provide complete and accurate wage statements; and concluded that RYI, Y&S, Maki, Masahiko, and Kora were jointly and severally liable to Creditors for unpaid wages and overtime pay and unpaid spread of hours payments, for the portions of their tips unlawfully withheld from them, for liquidated damages on the unpaid amounts, for statutory penalties for failure to provide complete and accurate wage statements, and for Creditors' attorneys' fees and costs incurred in the Action. The SDNY Court found that disputed issues of material fact existed as to the employer status of Yasuko and ordered that a trial be held on that issue. On July 11, 2022, after conducting a bench trial on the issue of Yasuko's status as an employer, the SDNY Court also found that Yasuko was an employer of Creditors as that term is defined in the FLSA and the NYLL and that Yasuko was jointly and severally liable to Creditors for the same damages.

5.  On August 8, 2022, the SDNY Court issued an Opinion and Order in which it determined that RYI, Y&S, Maki, the Negitas, and Kora were jointly and severally liable to Creditors for $687,825.81 as damages and penalties, and $1,110,807.82 in attorney's fees and costs, and for post-judgment interest. On August 10, 2022, the SDNY Court issued a Judgment for the amount of damages and penalties, and attorney's fees and costs, with post-judgment interest, that it had determined was due and owing to Creditors (the "Judgment"). [Creditors have filed Notices

of Claim NOS. 2-13 in both RYI and Maki's proceedings.] Thereafter, Creditors commenced actions in the SDNY Court to enforce the Judgment.

6. On March 23, 2023, the Negitas filed a petition for bankruptcy pursuant to Subchapter V of Chapter 11 in the Bankruptcy Court for the District of New Jersey (the **"NJ Bankruptcy Court"**). The NJ Bankruptcy Court proceeding is ongoing.

7. On April 13, 2023, Creditors filed a motion in the SDNY Court against RYI, Maki, and the Negitas seeking a determination that Ku-Raku New York Inc. (**"Kuraku"**), an entity formed by the Negitas and Maki while the Action was pending is an *alter ego* of RYI and consequently is an asset of RYI that Creditors can obtain in partial or complete satisfaction of the SDNY Court's Judgment, and seeking a determination that RYI, Maki and others engaged in fraudulent transfer of funds for the purpose of evading their obligation to satisfy the SDNY Court's Judgment.

8. On June 23, 2023, Maki and RYI each filed with this Court a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. In these Chapter 7 bankruptcy proceedings, Maki and RYI are represented by Douglas Pick (**"Pick"**).

9. The Chapter 7 Trustee in this matter, Alan Nisselson (the **"Chapter 7 Trustee"**), engaged my firm to serve as Special Counsel with respect to the matters encompassed in the motions pending in the SDNY Court concerning the *alter ego* status of Kuraku and the alleged fraudulent transfers. Additionally, the Chapter 7 Trustee consented to withdrawal of reference to this Court of the motions pending before the SDNY Court, which would consequently vest the SDNY Court with authority to decide those motions. On July 3, 2023, a motion was filed pursuant to 28 U.S.C. § 157(d) for withdrawal of the reference, which the SDNY Court granted on July 17, 2023, embodied in an Order entered on July 26, 2023.

10. With respect to the motions before it, the SDNY Court conducted a hearing on May 18, 2023 (prior to the filing of the Chapter 7 bankruptcy petitions by Maki and RYI) and August 18, 2023. On September 13, 2023, the SDNY Court issued an Opinion and Order in which it found that Kuraku is an *alter ego* of RYI and deferred rendering a decision on the remainder of Creditors' motion—the fraudulent transfer of funds by various parties including Maki—pending before it.

11. On or about August 29, 2023, in connection with the NY Bankruptcy Court proceeding, Yasuko proposed a settlement of all matters related to Creditors and other creditors' claims against the Negitas, RYI and Maki, which settlement would resolve the bankruptcy filing of the Negitas in the NJ Bankruptcy Court and the bankruptcy filings of Maki and RYI in this Court. Parties including the Chapter 7 Trustee and the Subchapter V Trustee (Nancy Issacson) for the Negitas' bankruptcy, have reached an agreement in principle to the terms of the settlement, and counsel for the respective parties are actively engaged in completing this settlement process. Any settlement will require the approval of this Court and the NJ Bankruptcy Court. If and when this settlement is executed to the satisfaction of Creditors and the trustees, in turn, Creditors will release any claims they have against Maki, RYI, and the Negitas. If the settlement agreed to by the parties and the respective Trustees is completed and becomes effective, this settlement will fully address the obligations of Maki and RYI to their creditors, including Creditors who are represented by my firm, and will obviate the need for further proceedings in this matter.

12. On September 20, 2023, Yasuko will file an amended plan of reorganization with the NJ Bankruptcy Court that memorializes the agreement between the parties, and on or before October 10, 2023, Yasuko will fund the required money for payment of settlement amounts to Creditors and other creditors and will deposit it in her bankruptcy counsel's trust fund account. The NJ Bankruptcy Court has scheduled a hearing to be held on October 24, 2023 for consideration

of confirmation of the amended plan of reorganization filed by Yasuko. Should all steps proceed in accordance with the agreement in principle between the Negitas, Creditors, and respective Trustees, and the Negitas' amended plan of reorganization is confirmed on or about October 24, 2023, and if no notices of appeal are filed by any person or entity within 14 days of the entry of an order confirming the plan, the plan of reorganization (as amended) will become final, Yasuko will make payments to the Creditors and the Chapter 7 Trustee as enumerated in the plan of reorganization (as amended), and Creditors will release their claims against Maki that are encompassed in this bankruptcy proceeding, as well as their claims against RYI and Kuraku that are encompassed in the bankruptcy proceeding commenced by RYI (Case No. 23-10979-mg). Chapter 7 Trustee will file the required motions with this Court for its approval.

13. In the NJ Bankruptcy Court, the Negitas have consented to extend the deadline for Creditors to file objections to the Negitas' debt and discharge pursuant to 11 U.S.C. §§ 523 and 727 until November 17, 2023.

14. The final date for Creditors to file an adversary complaint in this matter is Monday, September 18, 2023. It is my belief that Creditors can assert meritorious objections to dischargeability of Maki's debt and discharge pursuant to 11 U.S.C. §§ 523(a)(6) and 727.

15. To date, Creditors have not prepared the adversary complaint concerning thier objections to dischargeability of Maki's debt and discharge because of the likelihood that commencement of such adversary proceeding would be moot, since the settlement would result in the release of Creditors' claims against Maki as described hereinabove. However, if the settlement does not come to fruition by mid-November (upon confirmation by the NJ Bankruptcy Court of the Negitas' amended plan of reorganization and the expiration of the time to appeal), this proceeding will continue and Creditors intend to commence an adversary proceeding. For this

reason, I have sought from bankruptcy counsel for Maki and RYI (Pick) his concurrence to an extension of the time for Creditors to file objections to Maki's debt and discharge pursuant to 11 U.S.C. §§ 523 and 727 until November 21, 2023 and to file with this Court the documents required to effectuate such extension.

16. On September 5 and 9, 2023, I sent emails to Pick, advising him of the potential resolution of all matters relating to claims against Maki and RYI and asking him to file the documents required to extend Creditors' time to file objections to dischargeability of Maki's debt and discharge pursuant to 11 U.S.C. §§ 523 and 727 until November 21, 2023. Pick has not filed the documents I have requested of him nor has he even acknowledged receipt of my communications.

17. Creditors will be prejudiced if they are not provided the requested extension, since in the event that subsequent to September 18, 2023 the Negitas' amended plan of reorganization is not submitted and/or is not approved by the NJ Bankruptcy Court, or an appeal is filed to the Negitas' amended plan of reorganization, Creditors would be foreclosed from commencing an adversary proceeding to interpose file objections to Maki's debt and discharge pursuant to 11 U.S.C. §§ 523 and 727.

18. The failure of Pick, counsel for Maki in this proceeding and for RYI in Case No. 23-10979-mg, to communicate with me and to respond to my request has the potential of jeopardizing the settlement presently being advanced in the NJ Bankruptcy Court, which settlement will inure to the benefit of Maki and RYI (his clients) as well as the Negitaa.

19. Accordingly, Creditors file this instant motion by which they respectfully request an extension of their time to file objections to Maki's debt and discharge pursuant to 11 U.S.C. §§ 523 and 727to, through, and including November 21, 2023.

Dated: New York, New York
September 15, 2023

                                                */s/ Florence Rostami*
                                                Florence Rostami